ERCK, *Adm'r,* v. ERCK.

(*Jackson.* May 11, 1901.)

1. JUDICIAL SALE. *Purchaser not released, when.*

A purchaser at judicial sale of lands to pay a decedent's debts, cannot avoid his purchase on the ground that incompetent evidence was heard on the reference as to assets and liabilities of the estate, or that other lands could have been sold more advantageously to the parties in interest, where these parties acquiesce and make no such objections. (*Post, pp. 80–82.*)

2. EVIDENCE. *Original files admissible, when.*

In a proceeding in a Probate Court to sell lands to pay debts of a decedent, the original files of that Court, including depositions taken, relating to the earlier stages of the administration, are competent evidence to be considered by the Clerk in executing the order of reference as to assets and liabilities of the estate, especially when there is no objection at the time, or at any time, by the parties to the cause. (*Post, pp. 80, 81.*)

Case cited: Curd v. Bonner, 4 Cold., 632.

3. ADMINISTRATION. *Sale of land to pay debts.*

Where it is essential to sell some of the lands belonging to an estate for the payment of debts, and it appears that the real estate consists of an undivided half interest in a valuable store, sufficient, of itself, to pay all the debts, and of other unimproved property insufficient, of itself, for that purpose, it is clearly advisable and proper to sell the undivided interest and reserve the unimproved property. (*Post, pp. 81, 82.*)

4. COURTS. *Jurisdiction of Probate Court of Shelby County defined.*

The Probate Court of Shelby County has undoubted jurisdiction

Erck, Adm'r., *v.* Erck.

to decree sale of lands for payment of debts of a decedent. (*Post, p. 82.*)

Case cited and approved: Connell *v.* Walker, 6 Lea, 709.

FROM SHELBY.

Appeal from Probate Court of Shelby County. J. S. GALLOWAY, J.

WARINNER & WARINNER for Erck, Adm'r.

S. A. PERSON and F. P. POSTON for Erck *et al.*

WILKES, J. This is a bill by the administratrix of Frank Erck to sell a sufficiency of his real estate to pay debts.

It was filed in the Probate Court of Shelby County, where the real estate all lies, and where the administrtion is being conducted. There were five separate pieces or parcels of the real estate, two of which were set apart to the widow as dower and homestead by said Probate Court. Of the remaining parcels two were vacant lots, and the other an undivided one-fourth interest in a storehouse on Front Street, in the city of Memphis. The bill which contains the allegations usual in such cases was filed against the children and heirs of the intestate, and their guardian, and against her creditors and the owners in common

of the other interest in the storehouse. The latter parties filed answers and demanded proof of all material matters, and so with the guardian; *pro confesso* was taken against the creditors.

An order of reference was made to report the assets of the estate and its debts, and whether the personal assets had been exhausted in the payment of debts, also what real property belonged to the estate, and whether it would be necessary to sell it all or any part of it to pay debts, and if the latter, what portion could be sold with the least injury to the personal representatives and heirs.

What is called an insolvency proceeding had already been had in the Probate Court, to which the heirs and the creditors named were parties, and in that proceeding the depositions of the administratrix and the guardian were taken in regard to the debts and personal assets of the estate, from which it appeared that there was only $6.50 of personal estate and about $1,635.50 of debts, not including costs and charges, which would make a total of about $1,800.

This record was referred to and used as evidence on the reference. The testimony of real estate brokers was also taken under the reference, to show the location and value of the real estate left after assigning dower and homestead.

From this testimony it appeared that the real estate was unimproved, except the one-fourth in-

terest in the storehouse, and that the real estate outside of the undivided interest was not of value sufficient to satisfy the debts, and that the undivided interest was worth $7,500, and that it was to the interest of the heirs and persons interested in the estate to sell this undivided interest and retain the vacant lots, and it was also recommended that the surplus from the sale be applied to improving the vacant lots.

The parties owning the remaining undivided interest in the property excepted to the report. No exception was filed by the guardian of the minors, nor was any exception filed by the creditors. The exceptions were overruled, and report confirmed, and the sale of the undivided interest was directed, and it was sold for $7,750. Chas. M. Erck, one of the tenants in common, owning one-fourth of the same property, became the purchaser.

The purchaser then filed a petition to set aside the sale to himself upon the grounds hereafter stated. This petition was dismissed, and the sale was confirmed, and Erck, the purchaser, has alone appealed and assigned errors.

It is said the Court erred in looking to the insolvency proceedings to determine whether the land should be sold, and the contention is that the record in that case was not competent, but evidence *de novo* should have been taken to establish such facts.

We think there was no error in this. All the parties interested in the land and its sale were parties to that proceeding. The owners of the other interests in the storehouse were not necessary parties to that proceeding nor in the present case are they interested in the question of the amount of the debts or the sale of the real property of the estate to pay them.

So far as the facts shown by this record extend, those parties were not concerned or interested, and the previous steps taken in the administration of the estate, and upon the suggestion of insolvency, were entirely competent and proper to be used in the present proceeding, as they are all but steps in a proceeding to sell the land and administer the estate. *Curd & Wife* v. *Bonner et al.,* 4 Cold., 632.

The second assignment is to the report of the Clerk that the undivided interest in the storehouse and lot should be sold instead of the vacant lot.

It is said it is not judicious to sell undivided interests in realty when there is property belonging in its entirety to the estate, and that bidders are not so apt to bid its value for undivided interests as when they are buying the property in its entirety. There are no facts stated to sustain this assignment, but it appears to be an expression of opinion on the part of the counsel. There is no allegation that the price brought was not full

23 P—6

value, and, as a matter of fact, it was greater than the valuation put on it by expert real estate brokers by some $250 or more. Moreover, it appears that by the estimates the other real estate was not sufficient to pay the debts, and this interest would, in all probability, have to be sold even if the remaining vacant lots were sold.

In addition the tenants in common or any one of them could at pleasure force a sale of the house and lot for purposes of partition. All of these facts show the advisability and necessity for selling this undivided interest in the storehouse.

There can be no doubt of the jurisdiction of the Probate Court of Shelby County to make this sale for the purposes for which it was made. *Connell* v. *Walker,* 6 Lea, 709.

It will be noted that the only person appealing and now complaining is the purchaser. We are of opinion that under the proceedings he obtained a good and perfect title and that none of the exceptions taken by him are well made, and the decree of the Court below is affirmed with costs.